UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CLOUD, | No. 2:17-CV-0339-GGH |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

*PROCEDURAL HISTORY*

Plaintiff filed what was purported to be a Petition for a Writ of Habeas Corpus in the Northern District of California on October 21, 2016. ECF No. 1. On November 22, 2016 plaintiff sought permission to proceed in forma pauperis, ECF No. 5. On December 2, 2016 the Magistrate Judge issued an Order directing petitioner either to consent to conversion of his petition to a civil rights complaint, to withdraw the petition, or to amend it. ECF No. 8. On December 30, 2016, petitioner filed a motion to have his pending petition construed to be a civil rights complaint, ECF No. 10, and on February 14, 2017 the Magistrate Judge issued an Order granting the Motion and directing that the case be transferred to the Eastern District of California as the proper venue for the matter. ECF No. 11. The transfer was perfected in this District on February 16, 2017. ECF No. 12. On March 13, 2017 the Clerk of the Court directed the

1

1   California Department of Corrections and Rehabilitation to submit a Certified Prison Trust
2   Account Statement for plaintiff to the Clerk's office, ECF. No. 15, and that Statement was
3   received on March 13, 2017.  ECF No. 16.

*DISCUSSION*

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(c), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The determination that plaintiff may proceed in forma pauperis does not, however, complete the inquiry required of this court.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  These limitations affect the pending complaint in two ways.

First, the plaintiff purports to sue the California Department of Corrections, an agency of the State of California.  Federal courts cannot entertain actions against State agencies as they are immune from such actions pursuant to the Eleventh Amendment to the federal Constitution, Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-1040 (9th Cir. 2003), as are employees

1 of a state governmental entity sued for damages when acting in their official capacity.  <u>Puerto</u>
2 <u>Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142-146 (1993);
3 <u>Flint v. Dennison</u>, 488 F.3d 816-824-825 (9th Cir. 2007).  Instead, if seeking damages, plaintiff
4 must sue the individual actors within the agency who have visited the harm of which he
5 complains upon him when their actions fall outside the acceptable perimeters of the performance
6 of their duties.  If seeking only injunctive relief, plaintiff must name the official, in his or her
7 official capacity, who can give the relief sought by plaintiff.

8 Section 42 section 1983 permits such actions against any person who, "under color of
9 [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the
10 deprivation of any rights,; privileges, or immunities secured by the Constitution.   Plaintiff
11 appears to be seeking redress for denial of what he alleges to be necessary medical treatment with
12 regard to his left foot while he is incarcerated and under the control of the state penal system.
13 Thus plaintiff must be able to allege that any alleged defendant he names has done an affirmative
14 act, or participated in the affirmative act with another, or omits to perform an act "which he is
15 legally required to do that cause the deprivation of which compliant is made."  <u>Johnson v. Duffy</u>,
16 588 F.2d 740, 743 (9th Cir. 1978).  If the foregoing allegations can be made, this complaint could
17 theoretically be directed at the Warden of the prison to which he is confined if that individual
18 made the specific decision to withhold medical services to which plaintiff is entitled, or the
19 specific prison employees who impeded his ability to get services, or the doctors who refused to
20 provide necessary services, or both so long as the actions taken by each defendant is specifically
21 alleged and causally connected to the constitutional violation asserted.  <u>Paul v. Guzman</u>, 2006
22 WL 1748332 (E.D.Cal. June 23, 2008).

23 Further, plaintiff has not made clear what relief he seeks.  Does he wish to compel
24 defendant(s) to provide the medical services through the imposition of an injunction?  Or does he
25 wish to recover damages for additional harm done to his foot by the failure to correct the problem
26 and the ancillary pain and suffering he has experienced?  He may seek either or both forms of
27 relief when he files his amended complaint, but must specifically allege the relief he seeks.
28 <u>Meyer v.</u> Schwarzenegger, 2007 WL 2902944 (E.D.Cal. October 3, 2007).

In light of the foregoing and good cause appearing, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's pending complaint is dismissed with leave to amend;

3. Any amended complaint must be submitted to the court within 30 days of the date of this Order and conform to the instructions given above;

4. Plaintiff is advised that failure to conform to the requirements of this Order may result in a recommendation that this action be dismissed.

**IT IS SO ORDERED.**

Dated:  March 31, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE