UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CLOUD,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN DIEGO COUNTY JAIL EMPLOYEE JOHN DOE1, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, EMPLOYEE JOHN DOE 2, JOHN DOE 2,<br><br>    Defendants. | No. 2:17-cv-00339 GGH<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action presently brought under 42 U.S.C. § 1983. On April 3, 2017, ECF No. 17, the court dismissed plaintiff's complaint with leave to amend. On May 31, 2017 plaintiff filed a first-amended complaint. ECF No. 22.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–1228 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327.

*DISCUSSION*

Here plaintiff has filed an amended complaint which again names the California Department of Corrections and Rehabilitation [CRDC].

The United States Supreme Court has held that State governmental agencies, of which the CDCR is one, are immune from actions brought under 28 U.S.C. section 1983 pursuant to the Eleventh Amendment to the federal Constitution. Quern v. Jordan, 440 U.S. 332, 338-339 (1979) citing, *inter alia*, Alabama v. Pugh, 438 U.S. 781 (1978); Hutto v. Finney, 437 U.S. 678 (1978); Milliken v. Bradley, 433 U.S. 267 (1977); Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). This defendant will be dismissed and plaintiff shall not name this defendant again in any subsequent amended complaint.

Plaintiff may, however, name in his amended complaint individual defendants of CDCR and/or San Diego County Jail. In some cases, the naming of Doe defendants would be appropriate if discovery of a properly named defendant could later disclose the identities of the Doe defendants. However, this case cannot proceed where the only remaining defendants are unidentified Doe defendants, i.e., there are no identifiable defendants against whom discovery could be taken. Moreover, although this district might be appropriate for venue purposes, if a defendant or defendants were found to be residing in this district, see 28 U.S.C. section 1391 (b)(1) and (2), the court cannot ascertain that fact, or whether a substantial part of the tortious activities occurred in this district, by a listing of fictitiously named Doe defendants.

Accordingly, IT IS HEREBY ORDERED that :

1. The CDCR is dismissed as a defendant;[1]

////

---

[1] Plaintiff has consented to the undersigned as presiding judge. ECF No. 14. As no defendants have made an appearance in this action, the undersigned proceeds by way of order.

2

2. Claims against defendants Does 1, 2 and 3 are dismissed with leave to amend to name specific parties. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants and any others he has since identified.

3. Failure to comply with this order will result in a dismissal of this action.

**IT IS SO ORDERED.**

Dated: June 29, 2017

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE