UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CLOUD,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2:17-cv-00339 KJM-GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*PROCEDURAL HISTORY*

    Plaintiff filed an unsigned petition for a writ of habeas corpus petitioner filed appearing in pro se to in the Northern District of California. ECF No. 1. Thereafter the Clerk of that court directed plaintiff to file a signed petition, ECFNo. 2, and to complete an application in forma pauperis status or pay the court's filing fee in order to proceed. ECF No. 3. Petitioner filed the completed application and his signed petition on November 22, 2016. ECF Nos. 6, 7. After reviewing the petition and the application for in forma pauperis status a Northern District Court Magistrate Judge issued an Order directing petitioner to either consent to conversion of his petition to a civil right complaint, or to withdraw the petition, or to amend the petition and gave him 28 days to elect one of these courses of action or risk dismissal of the petition. ECF No. 8. On December 30, 2016 petitioner filed a motion indicating his election to continue the suit

1

redesignated as a civil rights complaint, ECF No. 10, and on February 14, 2017 the Northern District Court granted the motion and transferred the matter to this District without resolving the in forma pauperis application. ECF No. 11.

The matter was docketed into this court on February 16, 2017. ECF No. 12. On March 13, 2017 the Clerk of this court directed the California Department of Corrections and Rehabilitation ["the Department"] to provide a Certified Prison Trust Account statement for plaintiff within 72 hours. ECF No. 15. That statement was received and docketed on March 13, 2017. On April 3, 2017 this court granted plaintiff's motion to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend within 30 days of the court's Order. ECF No. 17, and issued an Order directing the Department to begin paying monthly payments from plaintiff's prison trust account to the Court to meet plaintiff's obligation to pay a filing fee to proceed with this action. ECF No. 18. After being granted a 45 day extension of to file his amended complaint ECF No. 21, plaintiff filed an amended complaint on May 31, 2017. ECF No. 22. On June 29, 2017 this court dismissed the complaint against the Department and Does 1, 2 and 3 with leave to further amend to state cognizable civil claims against the named defendants and any others since identified within 30 of the issuance of the Order. ECF No. 23.

Plaintiff filed that his Second Amended Complaint on August 15, 2017, ECF No. 26, and on August 21, 2017 this court directed the plaintiff to provide service documents and forms to the United States Marshall to effect service. ECF No. 27. The summonses were issued by the Clerk on the same day. ECF No. 28. Defendants Daniels and Wong filed an Answer to the Complaint on November 20, 2017. ECF No. 35. On December 14, 2017 a discovery and scheduling order was issued by the court establishing deadlines for procedural steps to be taken to move the case to trial. ECF No. 36.

On June 13, 2018 defendants filed a motion for summary judgment on the grounds that plaintiff had failed to exhaust his administrative remedies, ECF No. 38. On June 15, 2018 the plaintiff notified the court he was no longer incarcerated and provided his new mailing address, ECF No. 39, and on June 18, 2018 the court Ordered plaintiff to file either an Opposition Memorandum or a Statement of Non-Opposition to the Motion within 30 days of the Order. ECF

No. 40.  Plaintiff filed an Opposition Memorandum on June 27, 2018, ECF No. 41, and defendants filed a Reply Memorandum on July 3, 2018, ECF No. 43, at which time the court took the Motion for Summary Judgment under submission for decision without oral argument.  ECF No. 44.[1]  This Order resolves that motion.

## *THE ALLEGATIONS IN THE COMPLAINT*

Plaintiff sues for declaratory relief and monetary damages based on his claim that while incarcerated first at the California Institution for Men in Chino, California and later at the California Correctional Center Fire Training Center in Susanville, defendants, specifically Dr. Daniel (Chino) and Dr. Wong (Susanville), treated his medical complaints with deliberate indifference thereby damaging him and sates claims under several federal statutes including the Americans with Disabilities Act, 42 U.S.C. section 12101, et. seq., the Rehabilitation Act, 29 U.S.C. section 70, et seq., and the federal civil rights statute, 42 U.S.C. section 1983, among others.  ECF No. 26 at 2.  He catalogues a foot injury for which he was treated by the Veteran's Administration, id. at ¶¶ 10-23, a custom ankle support for which he is expected to pay ultimately, id. at ¶ 24, and denial of sufficient pain medication.  Id. at ¶ 25.  He further alleges that there has been significant deterioration of the condition of his right foot that he ascribes to the deliberate indifference of the defendants.  Id. 26-29.  He attaches a "Reasonable Accommodation Request he presented on January 11, 2016 stating his need for a prosthetic boot and/or additional Pain medication, and requests that defendants acquire his medical records from the Veteran's Administration for their review.  Id. at 5.

Defendants base their Motion for Summary Judgment on plaintiff's failure to fully exhaust his administrative remedies before seeking judicial attention to his complaints.

## *LEGAL STANDARDS FOR SUMMARY JUDGMENT*

Summary judgment is appropriate when it is demonstrated by the moving party that the standard set in Federal Rule of Civil Procedure 56 has been met.  That Rule states that "[t]he

---

[1] On July 2, 2018 defendants moved to modify the court's scheduling order to extend the discovery deadline to allow time for plaintiff's deposition be taken insofar as defendants had been unable to serve him with a deposition notice.  ECF No. 42.  That Motion remains under submission.

3

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material act and the movement is entitled to judgment as a matter of law." Fed. R. Civ. P.56(a).

Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985) quoting then numbered Fed. R. Civ. P 56(c). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3 376 387 *citing* Celotex, 477 U.S. at 325; see also Advisory Committee Notes to 2010 Amendments to Fed. R. Civ. P. 56. These notes recognize that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact." Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra, at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 323. Consequently, if the moving party meets its initial responsibility the burden then shifts to the opposing party to establish that a genuine issue remains as to fact material exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of such a factual dispute the opposing party may not rely upon the allegations or denials found in its pleadings, but is rather rewired to tender evidence of the facts it contends are sufficiently material to demonstrate that a litigable dispute still exits. See F. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 N.11. The nonmoving party must, then demonstrate that the fact it has put in contention is material, i.e., it could affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 288

(1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors' Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the evidence it has presented is material, i.e., it could lead a reasonable jury to return a verdict for the nonmoving party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). The material so raised need not be sufficient to *require* resolution of the competing "truths" that will be presented at trial, T.W. Elec. Serv., supra, 809 F.2d at 630, but rather sufficient to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, supra, 475 U.S. at 587, *quoting* Advisory Committee Note on 1963 amendments to Rule 56(e).

When addressing a summary judgment motion the court examines all of the material submitted by the parties and the evidence of the opposing party is to be believed, Anderson, supra, 477 U.S. at 255, and all reasonable inferences from the facts placed before the court are to be resolved in favor of the opposing party as well. Matsushita, supra, 475 U.S. at 587. Nevertheless, inferences cannot be pulled out of the air. It is the party opposing the motion that has the obligation to produce a factual predicate from which inferences may be drawn. See Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-1456 (E.D.Cal. 1985), *aff'd* 810 F.2d 898, 902 (9th Cir. 1987). In order to meet this burden the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted). These principles have been most recently affirmed in this district court in Bruce Blincow v. Millercoors LLC, 2018 WL 3869172 (E.D.Cal. 2018), United Food and Commercial Workers Union 8-Golden State v. Gibson Wine Company, 2018 WL 3924231 (E.D.Cal. 2018); Demoria Jackson v. Ralph M. Diaz, 2018 WL 3954735 )(E.D.Cal. 2018); Alfred Howard Bacon v. Pape Truck Leasing, Inc., 2018 WL 3869173 (E.D.Cal. 2018).

The gravamen the motion and the requirements for successfully opposing it discussed above were put before the plaintiff by defendant through a Rand Warning accompanying it's Memorandum in support of its motion. See Rand v. Rowland 154 F.3d 952 957 (9th Cir. 1998)(*en banc).*

*THE SUMMARY JUDGMENT MOTION*

Defendant's Motion for Summary Judgment rests on the assertion that plaintiff failed to exhaust administrative remedies available to him. Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. See Jones v. Bock, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. Id. at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original), *quoting* Griffin, supra, 557 F.3d at 1120.

There are no "special circumstances" exceptions to the exhaustion requirement. Ross v. Blake, 136 S. Ct. 1850, 1857, 1859 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Supreme Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. ... Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. ... And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. ... [S]uch interference with an inmate's pursuit of relief renders the

administrative process unavailable. And then, once again, § 1997e(a) poses no bar. Id. at 1859-60 (citations omitted); see also Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). See Jones, supra, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. See Cal. Code Regs. tit. 15, § 3084.1 (2014). To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. Id. § 3084.5. A prisoner initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance") within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Id. §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The grievance must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." Id. § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Id. § 3084.2(a)(4). Inmate grievances are subject to cancellation if "time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." Id. § 3084.6(c)(4).

Here defendants have stated the following statements of "undisputed facts" [hereafter "SUF"] regarding plaintiff's complaints regarding his medical treatment.

While housed at CIM, Plaintiff met with defendant Daniel on September 24, 2015 and defendant Wong on January 21, 2015 as stated in his Complaint, ECF No. 26 at 2, 3, respectively. SUF Nos. 6 7. On January 11, 2016 plaintiff submitted a "Reasonable Accommodation Request"

regarding his foot and seeking a prosthetic boot and pain medication. Complaint at 2, 5. SUF No. 9. Through the Declarations of S. Gates[2] and T. Ledford[3] defendants state that while Plaintiff submitted a Reasonable Accommodation Request regarding his purported need for a prosthetic boot and pain medication, as attested to by B. Castorena,[4] ECF No. 38-4, at ¶ 6, SUF No. 9, and he was given a specific notice in response that he could submit a health care appeal of the matter when his request was rejected, SUF No. 12 and Exhibit B to ECF No. 38-4, no such appeal was ever provided by plaintiff or catalogued into the records of the institution. SUF 13.[5]

Additional supporting documentation is submitted by Declarants

*PLAINTIFF'S OPPOSITION MEMORANDUM*

Plaintiff does not address the elements of the Motion for Summary Judgment by contesting either the statements of fact found in the Declarations referred to in this Order or the Statements of Undisputed Facts. Instead he asserts that if his medical records from the Veteran's Administration Hospital in La Jolla will support his claim that proper medical care has been denied him.

Although the United States Supreme Court and the Ninth Circuit Court of Appeals have made clear that pleadings presented by pro se litigants are held to a less stringent standard than are those prepared by practicing attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972). And may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). To assure that this is the case, the court will not dismiss a claim with finality

---

[2] Mr. Gates is an employee of the California Correctional Health Care Service and works within the Policy and Risk Management Service division as Chief of the Health Care Correspondence and Appeals Branch which has oversight of administrative health care appeals relating to medical care. ECF No. 38-5 at ¶ 1.

[3] Mr. Ledford is the Appeals Coordinator and custodian of records for the California Institute for Men and as such is able to verify whether an inmate has submitted a formal level Inmate Appeal Form on a particular issue. ECF No. 38-8 at ¶¶ 1, 2.

[4] Mr. Castorena is the Associate Warden and ADA Coordinator at the California Institute for Men who maintains the Records of all Reasonable Accommodation Requests submitted by inmates in the institution. EC 38-4 at ¶¶ 1, 2.

[5] That plaintiff was knowledgeable of his right to appeal and had, on earlier occasions not relevant here exercised it is discussed in SUF Nos 14-17 but did not avail himself of the process with regard to the claims asserted here. SUF No. 18.

unless the pro se litigant has been given notice of deficiencies and given an opportunity to amend. Wilhelm v. Beard, 2018 WL 1806753 (E.D.Cal. 2018). This liberality does not, however, continue forever. This is one of the unusual cases where it appears starkly clear that plaintiff would not benefit from an opportunity to amend.

Here, plaintiff was given the Rand warning referred to above. ECF No. 38-1. In that warning plaintiff is explicitly warned that in order to overcome the motion for summary judgment He must

> set out specific facts in declarations, depositions, answers to interrogatories, or auththenticated documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted your case will be dismissed and there will be no trial.

Plaintiff merely argues that the presentation of records accumulated by the Veteran's Administration would resolve the deficiency in his pleadings. It is clear, however, that those records will not overcome his proven failure to exhaust the administrative remedies that were explained to him by defendants before he filed his complaint, as discussed above. Plaintiff appears to have recognized and acknowledged this deficiency and his inability to correct it in the terms clearly required of him by the dearth of information in his Opposition Memorandum,

*CONCLUSION*

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. Defendants' Motion for Summary Judgment be GRANTED;
2. Plaintiff's Second Amended Complaint be DISMISSED without leave to amend;
3. The Clerk of the Court should close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  The petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated: October 12, 2018

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE
