UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CLOUD,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | No. 2:17-cv-00339-KJM-GGH<br><br>ORDER |

      Plaintiff, appearing pro se, filed a petition for a writ of habeas corpus on October 21, 2016, which was transferred to this court as a civil right case on February 16, 2017. ECF Nos. 1, 12. On April 3, 2017, the magistrate judge to whom this matter was assigned[1] issued an order granting in forma pauperis status to plaintiff and dismissing his pending complaint with leave to amend. ECF No. 17. Plaintiff filed an amended complaint on May 31, 2017, ECF No. 22, and the magistrate judge again dismissed with leave to amend clarifying that in any amendment plaintiff was required to identify specific individual defendants who he claimed had violated his federal constitutional rights, ECF No. 25. Plaintiff complied with the latter order on August 15, 2017 when he filed a second amended complaint, ECF No. 26; *see* ECF No. 27 (directing service of second amended complaint on defendants); ECF No. 35 (defendants' answer).

---

[1] After Magistrate Judge Gregory G. Hollows issued the findings and recommendations considered here, this matter was reassigned to Magistrate Judge Edmund F. Brennan. ECF No. 56 (Jan. 11, 2019 order reassigning case).

1

Defendants have since filed the motion for summary judgment at issue here, Mot., ECF No. 38-2, plaintiff has opposed the motion, ECF No. 41, and defendants replied, ECF No. 43. Thereafter defendants moved to alter the scheduling order specifically to allow time for a deposition of plaintiff, ECF No. 42, and the magistrate judge granted that request extending the discovery cutoff to July 29, 2018 for the sole purpose of defendants' deposing plaintiff. ECF No. 45.

On October 15, 2018, the magistrate judge issued Findings and Recommendations, ECF No. 53, to which plaintiff filed objections on October 25, 2018, ECF No. 54. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and the proper analysis with the following clarification.

The court notes plaintiff underwent three required levels of internal review with respect to his prescription pain medication request, which the magistrate judge acknowledges but treats as immaterial. ECF No. 53 at 8 n.5 (finding plaintiff's exhausted claim regarding pain medication demonstrates his "knowledge[] of his right to appeal" but also finding, without further explanation, that claim "not relevant here"); *see* Gates Decl. Ex. A, ECF No. 38-5 at 7 (health care appeal history printout indicating plaintiff submitted appeals concerning his request for "the same pain medication (hydrocodone) the Veterans Administration [VA] was providing him since 2011," on March 1, April 7 and April 19, 2016 and California Correctional Health Care Services denied those appeals on March 24, April 15, and July 13, 2016); *see also* Gates Decl. Ex. B, ECF No. 38-5 at 15 (denying plaintiff's first level appeal after interviewing plaintiff and finding, in part, "Hydrocodone is not on our formulary list" and plaintiff "agreed to try Tylenol #3 instead of Hydrocodone," also noting facility was waiting on health records ordered from the VA); *id.* at 16−17 (denying appeal at second level following Dr. S. Wong's "comprehensive review of [plaintiff's] health record," though still without VA records, based on plaintiff's claim he had "'tried Tylenol #3 for a week but it was ineffective' and that it 'did nothing to alleviate' [plaintiff's] chronic pain"; concluding, in part, "You are trying Tylenol #3 and we will not provide Hydrocodone as you requested, it is a non-formulary prescription"); *id.* at 9−10 (third level denial,

2

exhausting plaintiff's claim, noting "historical orders for the medication acetaminophen with codeine as hydrocodone is not on the formulary" and records indicating plaintiff "appear[s] well [and] in no apparent distress or discomfort," concluding plaintiff was "receiving treatment deemed medically necessary").

Because plaintiff's operative complaint refers to his requests for pain medication as well as his requests for orthopedics, it appears plaintiff intended to pursue a deliberate indifference claim on both issues. *See* ECF No. 26 ¶ 16 ("On January 7th 2016 [sic] I was in pain due to no pain killer or prosthetic support support [sic] I filed a reasonable accommodation request. (C.D.C.R. 1824)."); *id.* ¶ 25 ("As of yet have [sic] not received proper pain meds have been offered Tylenol 3 with Codeine, refused, codeine is an analgesic and cough supressant [sic] not a pain medicine."). Defendants appear to acknowledge this as a claim of plaintiff's in their motion. Mot. at 3 (summarizing plaintiff's allegations as concerning defendants' "wrongfully depriv[ing] him the treatment he believed he needed for his foot . . . including orthopedic shoes and 'proper pain medication'") (quoting plaintiff's second amended complaint); *see also id.* at 9 (arguing plaintiff "was merely disagreeing with the type of medication he received, not complaining that staff were intentionally denying, or delaying, treatment for a serious medical condition"). It appears to this court, then, that plaintiff's exhausted claim as to pain medication is not irrelevant in resolving the motion for summary judgment.

Even assuming plaintiff's pain medication claim is before the court and relevant to the defense motion for summary judgement, on the record before the court, summary judgment in full is warranted. Plaintiff provides no evidence from which a reasonable juror could conclude that defendants' decision to provide plaintiff with Tylenol #3 rather than hydrocodone, which plaintiff asserts physicians had prescribed him in the past, constituted unconstitutional disregard for plaintiff's pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1056−58 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health, and negligence in treatment or a difference of opinion concerning the appropriate course of treatment do not amount to deliberate indifference).

/////

With the court's clarification above, IT IS HEREBY ORDERED:

1. Defendants' motion for summary judgment, ECF No. 38, is GRANTED,
2. Plaintiff's motion to stay, ECF No. 55, is DENIED, and
3. The Clerk of the Court shall close this case.

DATED: April 8, 2019.

_____
UNITED STATES DISTRICT JUDGE